NEWMAN, Circuit Judge,
dissenting.
I write to attempt to stabilize the law of “anticipation,” for the court confuses the laws of anticipation and obviousness, and the role of enablement as applied to prior art references.
■ “Anticipation” in patent law means that the claimed subject matter is not new; that is, that it was already known. To “anticipate” in patent law requires that a single reference contains all of the elements and limitations of the claim at issue, explicitly or inherently. If the single reference is not enabled with respect to the subject matter under examination, “anticipation” cannot be found; it is not permissible to go outside the single reference in order to find “anticipation,” unlike the protocols by which references are combined to show “obviousness.”
These simple rules have provided the foundation for examination of patentability; they have been explored and refined and applied without challenge to their foundation. This distinction between sections 102 and 103 of the Patent Act should not now be blurred. This court should not ratify the shortcut the PTO Board took here. From this and other errors and imprecision, I respectfully dissent.

The issue of anticipation was not waived

The Board’s statement that Mr. Morsa waived the issue of anticipation before the *1379 Board is not comprehensible, for Mr. Mor-sa’s appeal brief to the Board states:
Independent claims 271-272 and 181, 203, 225, and 247 are neither anticipated nor rendered obvious by the alleged PMA....
Board Brief 12 (emphasis in original). In re Morsa, 713 F.3d 104 (Fed.Cir.2013) (Morsa I) included the issue of anticipation; that was the sole issue on remand, and now the subject of this appeal.
Several Morsa claims were allowed in the initial examination, and were not at issue in the prior appeal to this court. Some Morsa claims were rejected by the Board on the ground of obviousness, and in Morsa I this court affirmed those rejections.

The two rejected claims

Claims 271 and 272 had been rejected by the Board on the ground of “anticipation” by a third person’s press release. The press release was short on detail, and in Morsa I this court remanded for a determination of whether the disclosure in the press release was enabled. On remand, the Board reaffirmed its rejection for anticipation, and Mr. Morsa again appeals.
The claims demonstrate the issue, for the press release does not mention all of the steps and limitations of the claims:
271. A benefit information match mechanism comprising:
storing a plurality of benefit registrations on at least one physical memory device;
receiving via at least one data transmission device a benefit request from a benefit desiring seeker;
resolving said benefit request against said benefit registrations to determine one or more matching said benefit registrations;
automatically providing to at least one data receiving device benefit results for said benefit requesting seeker;
wherein said match mechanism is operated at least in part via a. computer compatible network.
272. A method of generating a benefit result list in real or substantially real time in response to a benefit match request from a benefit seeker using a computer network, comprising:
maintaining at least one database stored in and/or on an article of manufacture including a plurality of benefit listings;
receiving a benefit match request transmitted from an article of manufacture from said seeker, said request including said seekers criteria;
identifying using a processing device those of said benefit listings having criteria which generate a match with said match request;
generating automatically a message to a receiving article of manufacture to inform said seeker via said computer network of those of said benefits which match said seekers criteria.
The Board recognized that some of the claim steps are not described in the press release. The Board solved this dilemma by taking what it called “Official Notice” of the missing subject matter. And my colleagues solve this dilemma by finding the missing subject matter in the Morsa specification by stating that since the specification states that a person skilled in the art would know how to “implement” the claimed system, that person would have “knowledge” to fill the gaps in the prior *1380 art. However, we are directed to no disclosure in the prior art of all the claim elements and steps. “Anticipation” is not established in accordance with law.

“Official Notice” is not anticipation

The Board took “Official Notice” that the claim steps missing from the press release must have been performed. However, the law of patent “anticipation” is not so permissive. The law “requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim.” SynQor, Inc. v. Artesyn Technologies, Inc., 709 F.3d 1365, 1375 (Fed.Cir.2013). This presence must be found as fact, and when missing elements are stated to be “necessarily present, or inherent, in the single anticipating reference,” Schering Corp. v. Geneva Pharm., 339 F.3d 1373, 1377 (Fed.Cir.2003), “the mere fact that a certain thing may result from a given set of circumstances is not sufficient to establish inher-ency.” Scaltech Inc. v. Retec/Tetra, L.L.C., 178 F.3d 1378, 1384 (Fed.Cir.1999).
The Board’s “Official Notice” of the existence of undisclosed steps and claim elements is not an acceptable substitute for examination and citations of prior art and reasoning, in the rigors and high stakes of innovation and patenting. The Board failed,-'for example, to show that the undis-closechfeatures were inherently present in the d||pbase referred to in the cited press re}e^m Instead, the Board took “Official MSS’ of how “databases” function with-o^Kowing that the database in the press riSse necessarily was the same as the dfflbase in the Morsa claims or even the seSs as “databases” generally. This is iSmeient to establish either inherent de- or inherent enablement of the ^^Bitly claimed subject matter.
The majority compounds the Board’s error by rewriting the claims to match the reference. Maj. Op. at 5. The press release does not say how the system operates, only the final result. The Board called it “Official Notice” of how databases work. Such an assumption is not prior art, and cannot be the basis of “anticipation.”

The applicant’s specification is not prior art

An inventor’s statement in the patent application that a particular step may be performed by procedures known to persons of skill in the field of computer programming does not place that step in the context in which the inventor used it into the prior art.
The panel majority fills the gaps in the press release by referring to Morsa’s statement that various steps of his invention may be conducted by procedures known to persons of skill in computer-implemented methods. The issue on remand was not whether Morsa enabled his invention, indeed, that was not challenged by the PTO. However, Morsa’s enablement of his invention does not enable the prior art press release, or fill gaps needed to anticipate the Morsa system. “The standard for what constitutes proper enablement of a prior art reference for purposes of anticipation under section 102, however, differs from the enablement standard under section 112” whereby the claimed invention must be enabled by the disclosure in the specification. Rasmusson v. Smith-Kline Beecham Corp., 413 F.3d 1318, 1325 (Fed.Cir.2005).

Enablement of the prior art must come from prior art

“[A] patent claim ‘cannot be anticipated by a prior art reference if the allegedly *1381 anticipatory disclosures cited as prior art are not enabled.’ ” Verizon Servs. Corp. v. Cox Fibernet Va., Inc., 602 F.3d 1325, 1337 (Fed.Cir.2010) (quoting Amgen Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313, 1354 (Fed.Cir.2003)).
The question on the Morsa I remand was whether the subject matter of the press release is enabled by the description in the press release: “[The] reference • must ... enable one skilled in the art to make the anticipating subject matter.” PPG Indus., Inc. v. Guardian Indus. Corp., 75 F.3d 1558, 1566 (Fed.Cir.1996). My colleagues use the information in the Morsa specification to enable the press release. That is improper. The gaps in the prior art cannot be filled by the invention at issue; it is improper to transfer Mr. Morsa’s teachings into the press release in order to enable the press release.
These flaws confound the laws of anticipation and obviousness and enablement, defying precedent, and adding to the complexities of patenting. The issues should be decided on the correct law. Thus I respectfully dissent.